[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13353
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-10029-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 31, 2013)

Before TJOFLAT, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Scott Williams appeals his 100-year total custodial sentence, imposed after he was convicted on 2 counts of sexual exploitation of a minor to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e), 1 count of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), 2 counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and 1 count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Williams argues that his total sentence is unreasonable, because it results in unwarranted sentencing disparities compared to similarly situated defendants.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We review a sentence for reasonableness using a two-step process, ensuring that the sentence is both procedurally and substantively reasonable. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

A sentence is procedurally unreasonable if the district court erred in calculating the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence, including any

deviation from the guideline range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as the court's comments demonstrate that it considered the factors when imposing sentence. *United States v. Flores*, 488 F.3d 936, 944 (11th Cir. 2007). The substantive reasonableness of a sentence is determined in light of the totality of the circumstances, and we will not vacate a sentence as substantively unreasonable unless we are left with the definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences. *Turner*, 626 F.3d at 573. Under this standard, the district court does not need to impose the same sentence we would have given; it need only impose a sentence that is within the range of reasonableness. *United States v. Irey*, 612 F.3d 1160, 1190-91 (11th Cir. 2010) (*en banc*). The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and factors outlined in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a), including the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; deter criminal conduct; protect the public from the defendant's future criminal conduct; and provide the defendant with educational or

3

vocational training, medical care, or other treatment. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1),(3)-(7). In considering the § 3553(a) factors, the district court does not have to discuss each one explicitly. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). An acknowledgement that the court has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.*

We will defer to the district's court judgment regarding the weight given to the § 3553(a) factors, unless the district court made a clear error in judgment and imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* Furthermore, the fact that a sentence is below the statutory maximum is indicative of its reasonableness. *See id.* The district court's disagreement with a defendant's position on sentence disparity does not show the district court failed to consider the factor or that the sentence is unreasonable. *Id.* Moreover, as we noted in *Irey*, it is "not often left with [the] definite and firm conviction" that a district court committed a clear error of judgment. 612 F.3d at 1190-91 (quotation omitted). Section 3553(a)(6) provides that the district court is

4

required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). No unwarranted sentencing disparity exists among defendants who are not similarly situated. *United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009).

The district court did not impose a procedurally or substantively unreasonable total sentence. It correctly calculated Williams's guideline range, including its recognition that his guideline range was 110 years, the cumulative total of the statutory maximum sentences for each count, and it adequately considered the § 3553(a) factors. *Rodriguez*, 628 F.3d at 1264. His argument that his total sentence is disparate from sentences imposed on similarly situated defendants is meritless, as we have affirmed sentences equaling or exceeding Williams's total sentence for defendants convicted under the same statutes, and Williams admitted to committing sexual acts with children, rendering his offense conduct comparable to the defendants in those cases. *See, e.g., United States v. Johnson*, 451 F.3d 1239, 1241-44 (11th Cir. 2006) (140-year sentence reasonable where defendant took pornographic photos of 3 minor males, and transmitted them via the Internet); *see also United States v. Sarras*, 575 F.3d 1191, 1219-21 (11th Cir. 2009) (100-year sentence reasonable where defendant had repeated sexual intercourse with his 13 year-old stepdaughter). Based on the district court's

5

consideration of possible sentencing disparity issues, its weighing of the § 3553(a) factors, the high sentences imposed on defendants similarly situated to Williams, and the fact that his total sentence is 10 years below the statutory maximum for his offenses, his 100-year total sentence is not outside the range of reasonable sentences.  Accordingly, we affirm Williams's total 100-year sentence.

**AFFIRMED.**